ORIGINAL

**Bowles Fernández Law LLC**
Jeffrey A. Myers, OSB No. 094561
jeff@bowlesfernandez.com
John Bowles, OSB No. 971497
john@bowlesfernandez.com
Timothy Zimmerman, OSB No. 873765
tim@bowlesfernandez.com
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone:  503-726-5930
Fax: 503-406-2428

FILED14 MAR '12 16:02USDC-ORP

## IN THE DISTRICT COURT FOR THE UNITED STATES

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| BENIGNA ANDRADE-MAGANA,<br><br>                              Plaintiff,<br><br>v.<br><br>RECONTRUST COMPANY, N.A. and<br>FEDERAL HOME LOAN MORTGAGE<br>CORPORATION<br><br>                              Defendants. | Case No.:<br><br>COMPLAINT 3:12- CV - 460 - AC<br><br>DECLARATORY RELIEF<br>INVALIDATING NON-JUDICIAL<br>FORECLOSURE FOR FAILURE TO<br>COMPLY WITH ORS 86.705 TO ORS<br>86.795 AND PERMANENT<br>INJUNCTIVE RELIEF<br><br>Amount in Controversy:  $348,000.00 |

Plaintiff Benigna Andrade-Magaña seeks a declaratory judgment invalidating non-

judicial foreclosure process for violation of ORS 86.705 to ORS 86.795 and a permanent

injunction enjoining Defendant from initiating any subsequent non-judicial foreclosure without

recording the assignments of the Deed of Trust that arose by operation of law as described herein

and as grounds alleges the following facts:

## JURISDICTION

This action is properly before this Court pursuant to 28 U.S.C. § 1332(a) because there is diversity of citizenship between the parties and because the amount in controversy exceeds $75,000.00.

## FACTS COMMON TO ALL COUNTS

1.

Plaintiff is a resident of Clackamas County, Oregon residing at 16201 Lake Forest Blvd, Lake Oswego, OR 97035 (the "Property").

2.

Defendant ReconTrust Company, N.A. (hereinafter, "RECON") is a national association engaged in the business of conducting non-judicial foreclosure sales of residential property. At all material times RECON was acting as an agent of Federal Home Loan Mortgage Corporation in its alleged capacity as successor trustee.

3.

Defendant Federal Home Loan Mortgage Corporation ("FREDDIE MAC") is a Government Sponsored Entity actively engaged in the purchase of residential mortgage loans.

4.

On April 6, 2006, Plaintiff executed a Promissory Note with Non-Party American Mortgage Network, Inc., a/b/n American Mortgage Network of Oregon (the "Lender"), whereby Lender loaned Plaintiff the sum of $340,000.00 for the purchase of the Property (the "Loan").

5.

The Promissory Note was secured by a Deed of Trust that was recorded in Clackamas County under Recording No. 2006-032428 on April 11, 2006 (the "DOT"). *See* Exhibit 1.

Page 2 of 2 COMPLAINT – DECLARATORY RELIEF INVALIDATING NON-JUDICIAL FORECLOSURE FOR FAILURE TO COMPLY WITH ORS 86.705 TO ORS 86.795 AND PERMANENT INJUNCTIVE RELIEF

6.

Plaintiff alleges that Lender immediately sold Plaintiff's Loan to Defendant FREDDIE MAC after origination and that FREDDIE MAC held Plaintiff's Loan from shortly after its origination until the present.

7.

On October 28, 2010, Non-Party MERS assigned the DOT to Non-Party BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing LP. The Assignment also purported to assign the Promissory Note by this same document. The Court should note that BAC Home Loans Servicing, LP merged with Bank of America, N.A. in 2011.

8.

This Assignment was recorded in Clackamas County on November 1, 2010, under Recording No. 2010-069449. *See* Exhibit 2.

9.

Plaintiff alleges that Non-Party BAC Home Loans Servicing, LP was never an owner of Plaintiff's Loan and at no time had any interest whatever in the Promissory Note.

10.

On October 28, 2010, Defendant Non-Party BAC Home Loans Servicing, LP executed an Appointment of Successor Trustee naming defendant RECON as Successor Trustee.

11.

The Appointment of Successor Trustee was recorded in Clackamas County on November 1, 2010 under Recording No. 2010-069450. *See* Exhibit 3.

12.

---

Page 3 of 3  COMPLAINT – DECLARATORY RELIEF INVALIDATING NON-JUDICIAL FORECLOSURE
FOR FAILURE TO COMPLY WITH ORS 86.705 TO ORS 86.795 AND PERMANENT INJUNCTIVE RELIEF

On April 12, 2011, RECON executed a Notice of Default and Election to Sell (the "NOD") against Plaintiff's property, alleging a default under the Promissory Note and initiating a non-judicial foreclosure of Plaintiff's property.

13.

The NOD was recorded in Clackamas County on April 19, 2011 under Recording No. 2011-023687. *See* Exhibit 4.

14.

Defendant RECON executed a Trustee's Notice of Sale pursuant to ORS 86.740 and caused it to be published pursuant to ORS 86.750. *See* Exhibit 5.

15.

Defendants sold Plaintiff's home on August 22, 2011 whereby Defendant FREDDIE MAC took the Property back via Trustee's Deed.

16.

Three months after the sale, on November 14, 2011, Non-Party Bank of America, N.A., successor by merger with BAC Home Loans Servicing, LP, assigned the DOT to Defendant FREDDIE MAC via an Assignment of the DOT recorded in Clackamas County on November 18, 2011 under Recording No. 2011-066660. *See* Exhibit 6.

17.

Defendants RECON's and FREDDIE MAC's actions in conducting this non-judicial foreclosure wrongfully invoked the power of sale because Defendants have failed to comply with both statutory and contractual preconditions necessary to invoke the power of sale.

18.

Page 4 of 4 COMPLAINT – DECLARATORY RELIEF INVALIDATING NON-JUDICIAL FORECLOSURE FOR FAILURE TO COMPLY WITH ORS 86.705 TO ORS 86.795 AND PERMANENT INJUNCTIVE RELIEF

Defendants failures to abide by the non-judicial foreclosure statutes constitute a breach of the DOT contract because Defendants have sought a remedy under the DOT to which they are not entitled and because Defendants are attempting to foreclose non-judicially without meeting the requirements set forth in ORS 86.705 to ORS 86.795.

19.

Defendants have wrongfully exercised a remedy that arises out of contract.

20.

Because the exercise of said remedy is wrongful, Defendants' wrongful exercise of the power of sale constitutes a breach of contract.

21.

The DOT specifically provides for attorney fees in the event that Defendants prevail upon its exercise of the power of sale, Plaintiff is also entitled to its attorney fees pursuant to ORS 20.096 in the event Defendants' exercise of the power of sale is deemed wrongful.

22.

As Defendants' remedy is based on contract, and as the contract at issue specifically provides that attorney fees and costs incurred to enforce the provisions of the contract, Plaintiff is entitled to an award of its fees if it prevails in voiding, invalidating, or setting aside the remedy chosen by Defendants. In the event Defendants' invocation of the power of sale is deemed wrongful, Plaintiff's claim clearly falls within ORS 20.096 because Defendants' claim of the right to foreclose non-judicially arises squarely out of a contract that specifically provides for an award of attorney fees.

23.

---

Page 5 of 5 COMPLAINT – DECLARATORY RELIEF INVALIDATING NON-JUDICIAL FORECLOSURE FOR FAILURE TO COMPLY WITH ORS 86.705 TO ORS 86.795 AND PERMANENT INJUNCTIVE RELIEF

Plaintiff has filed the present action to declare the non-judicial foreclosure process

predicated on this NOD invalid based on the following:

**PLAINTIFF'S FIRST CLAIM FOR RELIEF**

**DECLARATORY AND PERMANENT INJUNCTIVE RELIEF**

**[Invalid Non-Judicial Foreclosure -**

**Failure to Record All Assignments of the Deed of Trust]**

24.

As set forth in ¶ 6, Lender originated and immediately sold Plaintiff's loan to a third

party, specifically, to Defendant FREDDIE MAC.

25.

Because Plaintiff owes the obligation to Lender under the DOT, the Lender and its

successors and assigns are the beneficiary of the DOT and any assignments by the beneficiary or

its successors or assigns must be recorded prior to conducting a non-judicial foreclosure to

comply with ORS 86.735(1).

26.

As set forth above, Plaintiff's loan was sold on the secondary mortgage market

immediately after origination to Defendant FREDDIE MAC, thereby making FREDDIE MAC

the beneficiary of the DOT.

27.

A conveyance of the Promissory Note effects a corresponding assignment of the DOT by

operation of law.

28.

---

Page 6 of 6  COMPLAINT – DECLARATORY RELIEF INVALIDATING NON-JUDICIAL FORECLOSURE
FOR FAILURE TO COMPLY WITH ORS 86.705 TO ORS 86.795 AND PERMANENT INJUNCTIVE RELIEF

Bowles Fernández Law LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: 503-726-5930 - Fax: 503-406-2428

ORS 86.735(1) requires that "any" assignment of the trust deed must be recorded *before* initiation of a non-judicial foreclosure.

29.

ORS 86.735(1) makes no exception for assignments of a trust deed that occur by operation of law, requiring instead that any assignment by the beneficiary must be recorded before initiating a non-judicial foreclosure.

30.

As Lender is the beneficiary of the DOT by virtue of being the secured party under the DOT, any conveyance of Plaintiff's Promissory Note created a corresponding assignment of the DOT that requires recordation before exercising the power of sale.

31.

The only recorded assignments of the DOT are from MERS to Non-Party BAC Homes Loan Servicing, LP and an assignment of the DOT in favor of FREDDIE MAC that occurred *after* the initiation of the non-judicial foreclosure and indeed after the sale itself.

32.

There is nothing recorded in the pre-foreclosure public records evidencing the assignment of the DOT that occurred in favor of FREDDIE MAC upon the conveyance of the Promissory Note to it that occurred shortly after origination. The fact that FREDDIE MAC credit bid on the property at the Trustee's Sale is evidence that FREDDIE MAC was the owner of the loan and the beneficiary of an unrecorded assignment of the DOT long before the initiation of the non-judicial foreclosure.

33.

Page 7 of 7 COMPLAINT – DECLARATORY RELIEF INVALIDATING NON-JUDICIAL FORECLOSURE FOR FAILURE TO COMPLY WITH ORS 86.705 TO ORS 86.795 AND PERMANENT INJUNCTIVE RELIEF

Bowles Fernández Law LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: 503-726-5930 - Fax: 503-406-2428

Plaintiff alleges that Defendants have failed to record all assignments of the DOT and have commenced a defective non-judicial foreclosure in violation of ORS 86.735(1).

34.

Until Defendants comply with ORS 86.735(1) by recording all assignments of the Deed of Trust that arose by operation of law, any non-judicial foreclosure process initiated by Defendants is invalid.

35.

Plaintiff is entitled to a permanent injunction enjoining Defendants from continuing or initiating any non-judicial foreclosure process without first recording all assignments of the Deed of Trust.

WHEREFORE Plaintiff prays for relief as follows:

1. For a declaratory judgment setting aside, voiding, and invalidating the non-judicial foreclosure and sale of Plaintiff's home because all assignments of the Deed of Trust were not recorded as required by Oregon law.

2. For a permanent injunction enjoining Defendants from conducting a subsequent non-judicial foreclosure without recording any assignments of the Deed of Trust, including those that occurred by operation of law;

3. For Plaintiff's reasonable costs, disbursements and attorney fees; and

4. For such other relief as this Court deems just and equitable.

DATED this 14th Day of March, 2012

/s/ JEFFREY A. MYERS

Jeffrey A. Myers, OSB No. 094561

Page 8 of 8  COMPLAINT – DECLARATORY RELIEF INVALIDATING NON-JUDICIAL FORECLOSURE FOR FAILURE TO COMPLY WITH ORS 86.705 TO ORS 86.795 AND PERMANENT INJUNCTIVE RELIEF

jeff@bowlesfernandez.com

Trial Attorney:
Timothy J. Zimmerman, OSB No. 873765
tim@bowlesfernandez.com

Bowles Fernández Law LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035
Phone: 503-726-5930 - Fax: 503-406-2428