**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Kristen L. Tranetzki,** OSB No. 115730
tranetzkik@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BENIGNA ANDRADE-MAGANA,**<br><br>           Plaintiff,<br><br>  v.<br><br>**RECONTRUST COMPANY, N.A.** and **FEDERAL HOME LOAN MORTGAGE CORPORATION,**<br><br>           Defendants. | Case No. 3:12-cv-0460-AC<br><br>Defendants ReconTrust Company, N.A. and Federal Home Loan Mortgage Corporation's **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), defendants ReconTrust Company, N.A. ("ReconTrust") and Federal Home Loan Mortgage Corporation's ("Freddie Mac") (collectively, "Defendants"), hereby present their memorandum in support of their motion to dismiss.

## I. INTRODUCTION

In 2006, Plaintiff Benigna Andrade-Magana ("Plaintiff") obtained a sizable mortgage loan to finance a residence. Her subsequent default on the mortgage loan terms led to the property being sold through foreclosure. Now, nearly two years after her default began and four

PAGE 1 -  MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO
     DISMISS PLAINTIFF'S COMPLAINT

116589.0557/5382584.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

months after the foreclosure was finalized, Plaintiff files the instant litigation against the foreclosing trustee and beneficiary, Defendants ReconTrust Company, N.A. ("ReconTrust") and Federal Home Loans Mortgage Corporation ("Freddie Mac") (collectively, "Defendants") asking the Court to turn back the clock and invalidate the foreclosure proceeding due to perceived technical errors.

However, Plaintiff does not come to this Court claiming she was not previously aware of the pending foreclosure sale and that she is now willing and able to tender the amounts due under the loan. The Oregon Trust Deed Act ("OTDA") does not permit borrowers to undo completed foreclosure sales so that they can simply return to the status of having a delinquent loan. Indeed, Plaintiff is statutorily barred from seeking such relief. Regardless, Plaintiff's primary allegation that an assignment of the Deed of Trust to Freddie Mac was never recorded in violation of the OTDA is belied by her own allegations and the documents recorded on the Property.

For these reasons, and as discussed below, Defendants respectfully request that the Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

## II. STATEMENT OF FACTS

On or about April 6, 2006, Plaintiff obtained a mortgage loan ("Loan") from American Mortgage Network, Inc., dba American Mortgage Network of Oregon ("American Mortgage") for $348,000.00 to finance real property located at 16201 Lake Forest Blvd, Lake Oswego, Oregon 97035 (the "Property"). (Compl. ¶ 5, Ex. 1 (Deed of Trust).) The Deed of Trust securing the Loan to the Property identifies Plaintiff as borrower, American Mortgage as Lender, First American Title Insurance Company of Oregon as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary "solely as a nominee for Lender and Lender's successors and assigns." (*Id.* Ex. 1.)

MERS subsequently transferred its interest under the Deed of Trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing LP (now Bank of America, N.A. or "BANA"), evidence of which was recorded on November 1, 2010. (*Id.* ¶ 8; *id*. Ex. 2 (First

PAGE 2 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0557/5382584.1

Assignment of Deed of Trust).)  On that same day, BANA appointed ReconTrust as successor trustee under the Deed of Trust.  (*Id.* ¶ 11; *id.* Ex. 3 (Appointment of Successor Trustee).)  BANA later assigned its interest in the Deed of Trust to Freddie Mac, evidence of which was recorded on November 18, 2011.  (*Id.* Ex. 5 (Second Assignment of Deed of Trust).)

It is undisputed that Plaintiff defaulted on her payment obligations under the Loan.  On April 19, 2011, ReconTrust recorded a Notice of Default and Election to Sell referencing ongoing default since July 1, 2010, and scheduling a sale of the Property for August 22, 2011.  (*Id.* ¶ 13; *id.* Ex. 4 (Notice of Default and Election to Sell).)  On September 19, 2011, ReconTrust recorded a document memorializing its service of notice of the pending sale on Plaintiff.  (Declaration of Kristen L. Tranetzki ("Tranetzki Decl."), Ex. A (Notice of Sale Proof of Compliance).)  The Property sold on October 5, 2011[1] to Freddie Mac.  (Tranetzki Decl., Ex. B (Trustee's Deed).)

On March 14, 2012, Plaintiff filed this action alleging that the completed foreclosure is invalid because the transfer of the promissory note to Freddie Mac was not properly recorded.  (*See* Compl. ¶¶ 24-28, 34.)

### III.  MOTION TO DISMISS PURSUANT TO FRCP 12(b)(1)

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move for dismissal of a Complaint or claim where the plaintiff lacks standing.  Here, Plaintiff alleges that the foreclosure was wrongful due to Defendants' purported failure to record an assignment to Freddie Mac.  (*See* Compl. ¶¶ 24-28, 34.)  However, this attempt to challenge the foreclosure is statutorily barred because she received notice of the sale.  Moreover, Plaintiff does not allege that she could have cured or could now cure her default.  Because Plaintiff lacks standing to challenge the validity of the foreclosure, her Complaint should be dismissed in its entirety with prejudice.

---

[1] The Plaintiff incorrectly identifies the date of the foreclosure sale as August 22, 2011.  (Compl. ¶ 15.)

PAGE 3 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

B.  **Plaintiff Cannot Challenge the Validity of the Foreclosure Because She Received Notice**

The OTDA does not permit a borrower to unravel a completed foreclosure sale based on perceived errors in the foreclosure. Just the opposite – the OTDA provides that if the borrower was given notice of the sale, the sale of the property terminates any interest the borrower had. ORS 86.770(1). Moreover, "[a] person whose interest the trustee's sale foreclosed and terminated may not redeem the property from the purchaser at the trustee's sale." *Id. See also Bell v. ReconTrust Co., N.A.*, No. 11-6390-HO, at 6-7 (D. Or. Feb. 29, 2012) (holding that ORS 86.770 bars grantor who had notice of sale from suing to set aside completed sale, because sale terminates grantor's property interest); *Stations West, LLC v. Pinnacle Bank of Oregon*, 2007 WL 1219952, Case No. 06-1419-KI, at *6–7 (D. Or. Apr. 23, 2007) (stating that a plaintiff must fulfill certain criteria under ORS 86.742 to have the right to seek to have a sale set aside, including not having received notice of the sale).

Here, Plaintiff received all notices required by statute for a non-judicial foreclosure of the subject property. (Tranetzki Decl. Ex. A.) Plaintiff fails to allege that she made any attempt to cure her defaults or to tender the amount of her debt within five days of sale as required by ORS 86.753. *See* ORS 86.753(1) (Stating that a grantor "may cure the default or defaults at any time prior to five days before the date last set for the sale."). Plaintiff failed to seek or obtain a restraining order stopping the sale. Because Plaintiff had notice of sale and an opportunity to cure but did not do so within five days prior to sale, her interest in the property has been foreclosed and terminated. Absent an interest in the Property, Plaintiff cannot bring a claim to vacate the trustee's sale.

PAGE 4 -  MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

116589.0557/5382584.1

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

### C. Oregon Law Conditions Equitable Relief in this Matter on Plaintiff's Ability to Cure her Default

Even if Plaintiff had not received notice of the foreclosure sale, she still could not challenge the validity of the foreclosure sale because she fails to allege that she could have cured the default.

When a grantor establishes that she did not receive the notice set forth in ORS 86.737 and did not have actual notice 25 days in advance of sale, and that she notified the trustee, purchaser, or loan servicer within 60 days after the third-party purchaser takes possession, the grantor may be treated as an omitted party under ORS 86.742(1) and seek certain remedies, including unraveling a trustee's sale. *See* ORS 86.739. However, the grantor can only seek this remedy if she first proves by clear and convincing evidence that she would have and could have cured had she had notice of the sale. ORS 86.742 (2) and (3). Indeed, there is no claim for wrongful foreclosure unless a plaintiff can establish the ability to cure or outbid the highest bidder at the foreclosure sale. *See Stations West, LLC v. Pinnacle Bank of Oregon*, Case No. 06-1419-KI 2007 WL 1219952, at *6–7 (D. Or. Apr. 23, 2007) (stating that a plaintiff must fulfill certain criteria under ORS 86.742 to have the right to seek to have a sale set aside, including not having received notice of the sale); *Domingo v. Anderson*, 138 Or. App. 521, 525–26, 910 P.2d 402 (1996), *aff'd in part and rev'd in part on other grounds*, 325 Or. 385, 938 P.2d 206 (1997) (holding that plaintiffs suffered no damages from alleged wrongful foreclosure because they "could not have purchased their property at the foreclosure sale"); *see also U.S. Cold Storage v. Great Western Savings & Loan Assn.*, 165 Cal. App. 3d 1214, 1225 (Cal. Ct. App. 1985) (noting the futility of setting aside a foreclosure sale "if the party making the challenge did not first make full tender and thereby establish her ability to purchase the property"). More recent decisions of this Court appear to agree with the holding in these cases. *See Gomez v. Bank of America, N.A.*, 3:11-cv-01253-SI, 2012 WL 929790 (D. Or. Mar. 19, 2012) (stating that *Stations West*, *Domingo*, and *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011)

PAGE 5 - MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

"address the remedies available to borrowers *after* an allegedly defective foreclosure sale.") (emph. in original).

Here, Plaintiff had notice of the foreclosure sale (Tranetzki Decl. Ex. A) but failed to cure, and she does not allege that she could have cured or could cure even now. Therefore, the Court must dismiss this matter as nonjusticiable because Plaintiff does not seek to do equity, as is required to obtain equitable relief. *Bell*, 6:11-cv-06390-HO, slip op. at 7 ("the lack of ability to cure the default similarly demonstrates a lack of a justiciable controversy.").

In addition, as set forth below, even if Plaintiff had standing to challenge the validity of the foreclosure, the theories on which she bases her claim of wrongful foreclosure are flawed and fail to state a claim.

## IV. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] . . . [is] entitled to relief,' in order to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims that fail to meet this standard must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

While these Rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (2007)). Where, however, the plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570. This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

PAGE 6 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. *Iqbal*, 129 S. Ct. at 1951. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the plaintiff must provide more than just "labels and conclusions"; rather, he must provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). Indeed, while legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 1950.

In addition, where it is clear amendment would be futile, the court may dismiss the Complaint without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).

Here, as discussed below, Plaintiff has not "nudged" her claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951 (*citing Twombly*, 550 U.S. at 570). Accordingly, because no amendment will cure her claims' deficiencies, the Court should grant Defendants' Motion to Dismiss without leave to amend.

B.   **Plaintiff Does Not Plausibly Allege an Unrecorded Assignment**

Plaintiff's sole claim for declaratory and permanent injunctive relief alleges that the promissory note was assigned to Freddie Mac, requiring a corresponding assignment of the Deed of Trust to be recorded pursuant to ORS 86.735(1). (Compl. ¶¶ 24-28.) On these allegations, Plaintiff complains that until Defendants record all required assignments, the completed foreclosure should be set aside and all future attempts to foreclose should be enjoined. (*Id*. ¶¶ 34-35, Prayer for Relief.) Plaintiff's allegations fail to state a claim for relief because she does

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0557/5382584.1

not actually identify an unrecorded assignment in violation of ORS 86.735(1).

As a preliminary matter, Plaintiff's contention that ORS 86.735(1) requires a corresponding assignment of Deed of Trust each time the promissory note is transferred (*see* Compl. ¶ 27) is inaccurate.  The OTDA does not require that transfers of a note be recorded -- only that assignments of the deed of trust be recorded.  Under section 86.735, a trustee may foreclose upon a trust deed if "[t]he trust deed, ***any assignments of the trust deed*** by the trustee or the beneficiary and any appointment of a successor trustee ***are recorded*** in the mortgage records in the counties in which the property described in the deed is situated[.]" ORS 86.735(1) (emphasis added).

Contrary to Plaintiff's allegations, "[b]y its plain language, § 86.735(1) applies only to transfers of a trust deed by the trustee or the beneficiary.  The OTDA does not regulate transfers of promissory notes, which are themselves negotiable instruments and not conveyances of real property." *Sovereign v. Deutsche Bank,* No. 3:11–cv–995–BR, 2012 WL 724796, at *9 (D. Or. Mar. 5, 2012); *see also Dye v. BAC Home Loans Servicing, LP, No.* 3:11–cv–911–HZ, 2012 WL 1340220, at*4 (D. Or. April 17, 2012) (holding that ORS 86.735(1) does not require recording transfers of the note); *Reeves v. ReconTrust Co., N.A.*, No. 3:11–cv–1278–BR, ___ F. Supp. 2d ___, 2012 WL 652681, at *10 (D. Or. Feb. 28, 2012) ("Defendants' alleged failure to record all alleged transfers of the Trust Deed and/or the Note does not render the Trust Deed invalid."); *Graham v. ReconTrust Co., N.A.,* No. 3:11–CV–01339–BR, 2012 WL 1035712, at *4 (D. Or. Mar. 27, 2012) ("The Court adheres to its holdings in *Sovereign* and *Reeves* and, therefore, concludes Defendants' foreclosure proceedings were not improper solely because the promissory note to the Trust Deed was not recorded."); *White v. Bank of America, N.A.*, No. 3:11–cv–1209–ST, 2012 WL 1115866, at *2 (D. Or. Mar. 6, 2012) ("[T]his court agrees with defendants that White fails to state a claim that Recontrust lacks the authority to conduct a non judicial foreclosure sale because MERS failed to record all assignments in violation of ORS 86.735."). Furthermore, the Deed of Trust provides that "[t]he Note or a partial interest in the Note

PAGE 8 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

116589.0557/5382584.1

(together with this Security Instrument) can be sold one or more times **without prior notice to Borrower**." Compl., Ex. 1, at 11, ¶ 20 (emph. added).

Even if this Court finds that ORS 86.735 requires all transfers of the promissory note to be recorded, her claim still fails. Plaintiff alleges solely one transfer of the promissory note from the original lender, American Mortgage, to Freddie Mac. (*See* Compl. ¶ 6 ("Lender immediately sold Plaintiff's Loan to Defendant FREDDIE MAC after origination and that FREDDIE MAC held Plaintiff's Loan from shortly after its origination until the present.").) Yet, an assignment to Freddie Mac was recorded. On November 18, 2011, immediately prior to the recording of the Trustee's Deed, an assignment of BANA's interest to Freddie Mac was recorded on the Property. (*Id.* Ex 5; Tranetzki Decl., Ex. B.) Plaintiff acknowledges that the assignment was recorded (Compl. ¶ 16), but offers no explanation for why the assignment does not satisfy the requirements of ORS 86.735(1).

To the extent Plaintiff challenges the timing of the assignment's recording,[2] such is immaterial. It is well-established that Oregon does not require <u>all</u> assignments to be recorded. The obligation is only triggered where the trust deed beneficiary seeks to foreclose non-judicially. *See* ORS 86.735(1); *Barnett v. BAC Home Loans Servicing, LP,* 772 F.Supp.2d 1328, 1335 (D. Or. 2011) ("The trust deed statutes therefore clearly contemplate that assignments of the beneficial interests in obligations and security rights will occur and may, in fact, not have been recorded prior to foreclosure. The legislature was clearly aware such assignments occurred and nowhere provided that assignments needed to be recorded to maintain rights under the lien statutes except where foreclosure by sale was pursued." (citing to Letter Decision in *Parkin Electric, Inc. v. Saftencu,* No. LV08040727, dated March 12, 2009)). Because assignments need not be recorded until non-judicial foreclosure is pursued, the timing of the recording is very often not demonstrative of the timing of the actual assignments.

---

[2] Plaintiff alleges that the Loan was sold to Freddie Mac "immediately" (Compl. ¶ 6), but later incorrectly states that the Second Assignment of Deed of Trust was recorded "[t]hree months after the sale." (*Id.* ¶ 16.)

PAGE 9 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Ultimately, the assignment that Plaintiff contends is required – the assignment to Freddie Mac – was properly recorded prior to the recording of the Trustee's Deed, and thus prior to the completion of the foreclosure. Plaintiff cannot claim error simply because Freddie Mac purportedly possessed an interest in the promissory note prior to the assignment of the Deed of Trust.[3] Accordingly, there has been no error and Plaintiff's requests for relief should be dismissed.

### V. CONCLUSION

Plaintiff lacks standing to challenge the foreclosure sale because she received notice of the sale and fails to allege that she could have cured or could now cure the default. In addition, even if she had standing, her theories are flawed and cannot state a claim. It is clear from the allegations of the Complaint and the documents recorded relative to the Property that Plaintiff has not – and cannot -- state a viable claim against Defendants. For this and all the reasons discussed above, Plaintiff's Complaint should be dismissed in its entirety with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

DATED: May 18, 2012

                                                  LANE POWELL PC

                                                  By */s/ Kristen L. Tranetzki*
                                                      Pilar C. French, OSB No. 962880
                                                      Kristen L. Tranetzki, OSB No. 115730
                                                      Attorneys for Defendants

---

[3] Nor does Oregon law prevent Freddie Mac from appointing BANA, the loan servicer, to conduct foreclosure proceedings. As Judge Panner held in *Sharpe v. Wells Fargo Home Mtg.*, No. 11-3020-PA, 2011 WL 5825927, at *2–3 (D. Or. Nov. 16, 2011), Oregon law allows a loan servicer such as BANA to foreclose in its own name on a trust deed owned by an investor such as Fannie Mae (or Freddie Mac, as is the case here). As Judge Panner explained, "ORS 86A.175(3) allows a lender to sell a loan and then record an assignment of the trust deed to the subsequent servicer, provided ORS 86A.175(3) and the note holder allow the subsequent servicer to proceed in its own name. To require [the original trust deed beneficiary] to record the assignment in Fannie Mae's own name would render ORS 86A.175 meaningless." *Id.* Thus, the assignments from MERS to BANA and from BANA to Freddie Mac show that the non-judicial foreclosure proceedings were conducted by the loan owner and loan servicer in compliance with the OTDA. *See Reeves*, 2012 U.S. Dist. LEXIS 26336, at *35 (concluding that "foreclosure proceedings were not improper based on the fact that Defendants did not record an assignment of the Note to Fannie Mae").

PAGE 10 -   MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT