**Pilar C. French**, OSB No. 962880
frenchp@lanepowell.com
**Kristen L. Tranetzki,** OSB No. 115730
tranetzkik@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **BENIGNA ANDRADE-MAGANA,** | Case No. 3:12-cv-0460-AC |
| Plaintiff, | |
| v. | Defendants ReconTrust Company, N.A. and Federal Home Loan Mortgage Corporation's REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE |
| **RECONTRUST COMPANY, N.A.** and **FEDERAL HOME LOAN MORTGAGE CORPORATION,** | |
| Defendants. | |

### LR 7-1(a) CERTIFICATE OF CONFERRAL

The undersigned states that counsel for defendants ReconTrust Company, N.A. ("ReconTrust"), and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants") made a good faith effort through a telephone conference with counsel for plaintiffs to resolve the dispute presented by this motion, but the parties were unable to do so.

PAGE 1 -   REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE

## REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence ("FRE") 201, defendants respectfully request that this Court take judicial notice and admit into evidence the documents attached to the Declaration of Kristen L. Trantezki in Support of Request for Judicial Notice or Incorporation by Reference ("Trantezki Decl."), for the reasons explained below. Alternatively, defendants request the Court to consider them pursuant to the incorporation by reference doctrine.

Defendants respectfully request this Court to take Judicial Notice pursuant to Federal Rule of Evidence ("FRE") 201 and/or incorporate by reference the documents attached to the Declaration of Kristen Tranetzki ("Tranetzki Declaration") filed concurrently herewith, for the reasons explained below.

FRE 201 gives the Court the power to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b). Judicial notice may be taken at any stage of the proceedings. FRE 201(f). This Court may take judicial notice of documents that are matters of public record without converting a motion to dismiss into a motion for summary judgment. *See MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986) (holding district court, when determining whether complaint fails to state a claim, may take "judicial notice of matters of public record outside the pleadings[.]").

Documents that are properly subject to the incorporation by reference doctrine may also be considered by the Court at the motion to dismiss stage. "[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions * * * may be considered" in the context of a motion to dismiss. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)). In the Ninth Circuit, the doctrine of "incorporation by reference" has been extended to situations in which "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the

PAGE 2 -   REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE

document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998)); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim"). When a plaintiff fails to introduce a pertinent document as part of his/her pleading, the defendant may do so as part of its motion to dismiss, and such documents will not be considered outside the pleadings. *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

The following documents are a proper subject of judicial notice and/or incorporation by reference:

1. Attached to the Tranetzki Declaration as **Exhibit A** is a true and correct copy of the Notice of Sale and Proof of Compliance, evidencing the mailing of the notices of default and notices of sale. The Notice of Sale and Proof of Compliance was recorded on September 19, 2011, in the Clackamas County Recorder's Office under Recorder No. 2011-052950. The Notice of Sale and Proof of Compliance is a proper subject of judicial notice because it is a matter of public record, publicly available, and its accuracy is not reasonably subject to debate. FRE 201(b).

2. Attached to the Tranetzki Declaration as **Exhibit B** is a true and correct copy of the Trustee's Deed recording the sale of the subject property by ReconTrust to Freddie Mac. The Trustee's Deed was recorded on November 18, 2011, in the Clackamas County Recorder's

PAGE 3 -   REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE

Office under Recorder No. 2011-066661.  The Trustee's Deed is a proper subject of judicial notice because it is a matter of public record, publicly available, and its accuracy is not reasonably subject to debate.  FRE 201(b).

DATED:  May 18, 2012

                                        LANE POWELL PC

By */s/ Kristen L. Tranetzki*
    Pilar C. French, OSB No. 962880
    Kristen L. Tranetzki, OSB No. 115730
    Telephone: 503.778.2170
Attorneys for Defendants

PAGE 4 -   REQUEST FOR JUDICIAL NOTICE OR INCORPORATION BY REFERENCE